# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM P. GARCIA, | CASE NO. 1:10-CV-00447-OWW-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF CERTAIN CLAIMS |
| v. | |
| KEN CLARK, et al., | (DOC. 12) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**Findings And Recommendations**

I. **Background**

 A. **Procedural History**

Plaintiff William P. Garcia ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Plaintiff initiated this action by filing his complaint on March 12, 2010. On May 24, 2010, Plaintiff filed his first amended complaint.

 B. **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.    Summary Of Complaint

Plaintiff is currently incarcerated at California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: warden Ken Clark, captain Lais, lieutenant R. Tolson, sergeant K. Turner, correctional officer C. Palmer, free staff food supervisors C. Walters and R. Santos, sergeant D. Ibarra, correctional officer Sanez, correctional officer S. Knight, correctional officer F. Diaz, acting warden K. Allison, correctional officer Quintana, and Christian chaplain Sheron.

Plaintiff alleges the following. Plaintiff is Jewish, and filed grievances regarding changes in procedure for feeding of Jewish inmates. Plaintiff alleges violations of the First Amendment, Eighth Amendment, Fourteenth Amendment, and the RLUIPA by various Defendants.

Plaintiff request declaratory judgment, injunctive relief, and monetary damages.

## III.   Analysis

### A.    First Amendment - Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First

2

Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

### 1. Defendant Palmer

Plaintiff filed inmate grievances against Defendant Palmer regarding denying Plaintiff days off from his job in 2008. (First Am. Compl. ("FAC") 9.) Defendant Palmer answered Plaintiff's first inmate grievance against prison policy, then conspired with Defendant Tolson to halt Plaintiff's kosher meals by denying Plaintiff and other inmates reasonable accommodations. (FAC 9.) Plaintiff's reasonable accommodations had previously included being let out early to pick up his kosher meals and take back to his cell for eating. (FAC 8.) Defendant Palmer taunted Plaintiff openly over the P.A. system. (FAC 9.) Defendant Palmer sent Plaintiff's kosher meals back to the kitchen and told the staff that Plaintiff had refused his meal. (FAC 22-23.) Defendant Palmer denied Plaintiff access to his medication in one instance in 2009. (FAC 25.) Plaintiff filed a grievance regarding this denial, and Defendant Palmer then issued a Rules Violation Report against Plaintiff. (FAC 26.)

Plaintiff does not state a claim against Defendant Palmer for verbal harassment. *Oltarzewski v. Ruggiero*, 830 f.2d 136, 139 (9th Cir. 1987). However, Plaintiff does state a cognizable retaliation claim against Defendant Palmer for denial of food, denial of medication, and issuing a retaliatory RVR.

### 2. Defendant Tolson

Plaintiff alleges that he discussed with Defendant Tolson the denial of the religious accommodation for Jewish inmates. (FAC 19.) Plaintiff complained that Defendant Tolson retaliated against Plaintiff because of the grievances filed against Defendant Palmer and Quintana. (FAC 19-20.) Plaintiff appears to allege the Defendant Tolson took away Plaintiff's religious accommodations because of Plaintiff's inmate grievances against his subordinates. Plaintiff's allegations are sufficient to state a cognizable retaliation against Defendant Tolson.

3.      Defendants Quintana, Lais, Clark, and Sheron

Plaintiff alleges that in 2008, Defendant Quintana swore at Plaintiff and ordered him to walk behind the handball wall, in violation of a CDCR rule. (FAC 10.) Defendant Quintana took Plaintiff's ID card which Defendant Quintana knew Plaintiff needed to receive medication and kosher food. (FAC 10.) Plaintiff alleges that Defendant Quintana did this in a concerted effort with Defendant Palmer and Defendant Tolson to retaliate against Plaintiff for filing grievances regarding his religious practices.

This does not state a cognizable retaliation claim. Plaintiff is in effect alleging a conspiracy by Defendant Quintana with Defendants Palmer and Tolson to retaliate against Plaintiff for filing grievances regarding his religious practice. A conspiracy claim brought under § 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001) (quoting *United Steel Workers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting *Woodrum v. Woodward County, Oklahoma*, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" *Franklin*, 312 F.3d at 441 (quoting *United Steel Workers*, 865 F.2d at 1541).

The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy. *Empress LLC v. City and County of San Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (2002). However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." *Id.* (internal quotations and citations omitted). As such, a bare allegation that Defendants conspired to violate Plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under § 1983.

4

Without a conspiracy claim, Plaintiff does not state a cognizable retaliation claim against Defendant Quintana.  Defendant Quintana taking Plaintiff's identification card is not because of Plaintiff's First Amendment activities.

Plaintiff likewise fails to state a claim against Defendants Clark and Lais.  Plaintiff alleges Defendant Clark and Defendant Lais acted in concert with other defendants to violate Plaintiff's constitutional rights.  (FAC 11.)  Bare allegations of conspiracy are insufficient to state a claim.

Plaintiff alleges that Defendant Sheron yelled at Plaintiff regarding Plaintiff's issues with Defendants Palmer and Tolson.  (FAC 14-15.)  Plaintiff again alleges that Defendant Sheron and the other defendants worked in concert to stop the Jewish kosher orthodox food program.  (FAC 15.)  Verbal harassment alone is not sufficient to state a constitutional deprivation.  *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (citations and internal quotations omitted).  Plaintiff makes a bare allegation of conspiracy, which is not sufficient to state a cognizable conspiracy claim against Defendant Sheron.

**B.     First Amendment - Exercise of Religion**

"The right to exercise religious practices and beliefs does not terminate at the prison door.  The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security."  *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (citing *O'Lone v. Shabazz*, 482 U.S. 342 (1987)); *see Bell v. Wolfish*, 441 U.S. 520, 545 (1979).  Only beliefs which are both sincerely held and rooted in religious beliefs trigger the Free Exercise Clause.  *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (citing *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994)); *Callahan v. Woods*, 658 F. 2d 679, 683 (9th Cir. 1981)).  Under this standard, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests."  *Turner v. Safley*, 482 U.S. 78, 89 (1987).  First, "there must be a valid, rational connection between the prison regulation and the legitimate government interest put forward to justify it," and "the governmental objective must itself be a legitimate and neutral one."  *Id.*  A second consideration is "whether there are alternative means of exercising the right

5

that remain open to prison inmates." *Id.* at 90 (internal quotations and citation omitted).  A third consideration is "the impact accommodation of the asserted right will have on guards and other inmates, and on the allocation of prison resources generally." *Id.*  "Finally, the absence of ready alternatives is evidence of the reasonableness of a prison regulation." *Id.*

Plaintiff alleges that Defendant Turner took away Plaintiff's reasonable accommodations, forcing Plaintiff to starve or eat regular non-kosher food.  (FAC 27-28.)  Plaintiff alleges thatSKO.Investiture Defendants C. Walter and Santos, who are in charge of preparing the meals, served food that was opened, had foreign objects, or was rotten.  (FAC 31-32.)  Plaintiff alleges that Defendants D. Ibarra, S. Knight, Sanez, and F. Diaz denied Plaintiff the reasonable accommodation to take his food to his cell or prepare a place for the Jewish inmates to eat in peace without being degraded, and have taken Plaintiff's food away from him.  (FAC 33-37.)  At the pleading stage, Plaintiff states a cognizable claim for violation of the Free Exercise Clause of the First Amendment against Defendants Turner, C. Walter, Santos, D. Ibarra, S. Knight, Sanez, and F. Diaz.  Plaintiff also states a cognizable claim against Defendants Palmer and Tolson for the reasons stated above.

Plaintiff alleges that Defendant Allison was informed and well aware of actions taken against Plaintiff by her subordinates, but failed to act or intervene.  (FAC 38-39).  Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).  To state a claim for relief under § 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  As stated recently by the

United States Supreme Court, supervisory defendants are civilly liable for their own conduct. *Iqbal*, 129 S. Ct. at 1949. A supervisory defendants' mere knowledge of his subordinates' misconduct is insufficient to state a claim. *Id.* Plaintiff alleges direct knowledge by Defendant Allison in condoning the allegedly unconstitutional actions by her subordinates. At the pleading stage, Plaintiff states a cognizable claim against Defendant Allison.

Plaintiff fails to state a cognizable claim against Defendant Ken Clark. There is no allegation that suggests Defendant Ken Clark knew of any constitutional violations and failed to act. Mere respondeat superior liability is insufficient to state a claim.

**C.    RLUIPA**

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1. Plaintiff bears the initial burden of demonstrating that defendants substantially burdened the exercise of his religious beliefs. *Warsoldier v. Woodford*, 418 F.3d 989, 994-95 (9th Cir. 2005). If plaintiff meets his burden, defendants must demonstrate that "any substantial burden of [plaintiff's] exercise of his religious beliefs is *both* in furtherance of a compelling governmental interest *and* the least restrictive means of furthering that compelling governmental interest." *Id.* (emphasis in original). "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." *Id.*

At the pleading stage, Plaintiff states a cognizable RLUIPA claim against Defendants Palmer, Tolson, Turner, C. Walter, Santos, D. Ibarra, S. Knight, Sanez, F. Diaz, and K. Allison.

**D.    Eighth Amendment**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are

7

sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that officials knew of and disregarded a substantial risk of serious harm to him. *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Mere negligence on the part of the official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 835; *Frost*, 152 F.3d at 1128.

Plaintiff fails to state a cognizable Eighth Amendment claim. Plaintiff alleges that Defendants deprived Plaintiff of accommodations regarding religious food. This is not sufficient to demonstrate that Defendants knew of and disregarded a substantial risk of serious harm to Plaintiff's health.

**E.    Fourteenth Amendment**

Plaintiff alleges a violation of the Fourteenth Amendment. The Fourteenth Amendment contains both the Due Process Clause and the Equal Protection Clause.

1.    <u>Due Process</u>

The Ninth Circuit has found that

> [t]o establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims.

*Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted); *see County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998). In this case, the First Amendment "provides [the] explicit textual source of constitutional protection . . . ." *Patel*, 103 F.3d at 874. Therefore, the First Amendment rather than the Due Process Clause of the Fourteenth Amendment governs Plaintiff's claims.

2.    <u>Equal Protection</u>

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432,

439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).  A prisoner is entitled "to 'a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts.'"  *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008) (quoting *Cruz v. Beto*, 405 U.S. 319, 321-22 (1972) (per curiam)).  To state a claim, a plaintiff must allege facts sufficient to support the claim that prison officials intentionally discriminated against him on the basis of his religion by failing to provide him a reasonable opportunity to pursue his faith compared to other similarly situated religious groups.  *Cruz*, 405 U.S. at 321-22; *Shakur*, 514 F.3d at 891; *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997), *overruled in part on other grounds*, *Shakur*, 514 F.3d at 884-85.

Plaintiff alleges that Defendants discriminated against Jewish inmates by failing to provide him with reasonable accommodations regarding his food.  At the pleading stage, Plaintiff sufficiently alleges a cognizable Equal Protection claim against Defendants Palmer, Tolson, Turner, C. Walter, Santos, D. Ibarra, S. Knight, Sanez, F. Diaz, and K. Allison.

## IV.  Conclusion And Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed against Defendants Palmer, Tolson, Turner, C. Walter, Santos, D. Ibarra, S. Knight, Sanez, F. Diaz, and K. Allison for violation of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act of 2000; and

2. Defendants Quintana, Sheron, Lais, and Ken Clark are dismissed for failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, the plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 20, 2010**              **/s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE