# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM P. GARCIA, | 1:10-CV-00447-OWW-DLB PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WITHIN THIRTY DAYS WHY DEFENDANT **A. SEINEZ** SHOULD NOT BE DISMISSED FOR FAILURE TO PROVIDE INFORMATION SUFFICIENT TO EFFECT SERVICE |
| v. | |
| KEN CLARK, et al., | |
| Defendants. | (DOC. 24) |

Plaintiff William P. Garcia ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's amended complaint, filed May 24, 2010. Doc. 14. On November 23, 2010, the Court issued an order directing the United States Marshal to initiate service of process on ten defendants. Doc. 20. The United States Marshal was unable to locate and serve Defendant A. Seinez, and on February 8, 2011, returned the USM-285 form and the summons unexecuted. Doc. 24.

Pursuant to Rule 4(m),

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro

1

se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated in part on other grounds*, *Sandin v. Conner*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" *Walker*, 14 F.3d at 1422 (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir.1990)).  However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendants is appropriate. *Walker*, 14 F.3d at 1421-22.

In this instance, the information provided by Plaintiff is insufficient. Doc. 22. Defendant A. Seinez is not employed at California Substance Abuse Treatment Facility and is not in the CDC locator. If Plaintiff is unable to provide the Marshal with further information so that Defendant A. Seinez can be located, the defendant shall be dismissed from the action, without prejudice. Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendant A. Seinez should not be dismissed from the action at this time.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant A. Seinez should not be dismissed from this action; and

2. The failure to respond to this order or the failure to show cause will result in a recommendation of dismissal of Defendant A. Seinez from this action.

IT IS SO ORDERED.

Dated:   May 11, 2011                             /s/ Dennis L. Beck
                                                                  UNITED STATES MAGISTRATE JUDGE