**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM P. GARCIA,<br><br>    Plaintiff,<br><br>    v.<br><br>KEN CLARK, et al.,<br><br>    Defendants.<br>_____/ | 1:10-CV-00447-OWW-DLB PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>(DOC. 40) |

Plaintiff William P. Garcia ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's first amended complaint against Defendants K. Allison, F. Diaz, D. Ibarra, S. Knight, C. Palmer, R. Santos, R. Tolson, K. Turner, and C. Walters for violation of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). Pending before the Court is Plaintiff's motion for preliminary injunction, filed May 5, 2010. Doc. 8. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

1

On July 8, 2011, the Magistrate Judge filed a Findings and Recommendations which was served on the parties and which contained notice to the parties that any objection to the Findings and Recommendations was to be filed within thirty days. Doc. 40. On August 15, 2011, Defendants filed an Objection to the Findings and Recommendations. Doc. 44. On August 26, 2011, Plaintiff filed a Reply to Defendants' Objection. Doc. 50.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court will adopt the Findings and Recommendations, and provides the following additional analysis.

The Magistrate Judge recommended that Plaintiff be provided with Kosher meals as provided for other similarly situated prisoners. Defendants contend that Plaintiff is receiving proper Kosher food as a part of the Kosher meal program. Defs.' Objections 4, Doc. 44. Plaintiff contends that the meals are not Kosher because they are contaminated with foreign objects, on a dirty cart, and with other people's food on it. Pl.'s Reply 3-4, Doc. 50. Nevertheless, Plaintiff does not dispute he receives food from the Kosher meal program at CDCR. However, Plaintiff further contends that certain Defendants took away his Kosher food right from his hands. Pl.'s Reply 11-12, Doc. 50. Plaintiff's religious dietary needs would not be met, even if he is on the Kosher food program, if he does not receive his food. *See McElyea v. Babbitt*, 833 F.2d 196, 198 (9th Cir. 1987) (per curiam) (holding under the First Amendment, "[i]nmates . . . have the right to be provided with food sufficient to sustain them in good health that satisfies

2

the dietary laws of their religion").

Plaintiff also contends that Defendants do not provide a place for Plaintiff to wash, pray, and stand and face east before his breakfast meal. Pl.'s Mot. 2, Doc. 8. Defendants contend that Plaintiff may perform his religious duties prior to eating his breakfast in the dining hall, citing a declaration from Rabbi Moskovitz. Defs.' Objections, Moskovitz Decl. ¶ 3. However, Plaintiff contends that he is religiously required to pray out loud before he eats his meal, and to purify himself and his eating area. Pl.'s Reply 4-6. Defendants' reliance on Rabbi Moskowitz's declaration is unavailing. The Court does not make determinations as to what is necessary for the exercise of a person's religion. *See Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (for the Free Exercise Clause of the First Amendment to apply, the prisoner's belief must be sincerely held and rooted in religious belief); *see also* 42 U.S.C. § 2000cc-5(7)(A) (under RLUIPA, "religious exercise" includes "any exercise of religion, whether or not compelled by, or central to, a system of religious belief."); *Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir. 2005) (under RLUIPA, "substantial burden" is one that imposes a significantly great restriction or onus" upon a prisoner's exercise of religion) (citation omitted).

Based on the record before the Court, Plaintiff has met the requirements for receiving a preliminary injunction. It is unclear whether Defendants will have to substantially change any of their procedures. Defendants contend, for example, that Plaintiff may ritually wash himself using a small cup of water. Plaintiff does not appear to be prohibited from praying out loud over his

3

breakfast meal. Plaintiff also does not appear to have these problems during the lunch and dinner meals.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed July 8, 2011, is adopted as stated herein;
2. Plaintiff's motion for preliminary injunction, filed May 5, 2010, is granted as stated herein;
3. Defendants shall provide Plaintiff with the Kosher meals that are provided other similarly situated prisoners; and
4. Defendants are to provide Plaintiff with a means for Plaintiff to pray and to perform his religious duties, prior to, during, and/or after the breakfast meal.

IT IS SO ORDERED.

Dated: September 22, 2011              /s/ Oliver W. Wanger
                                       UNITED STATES DISTRICT JUDGE

---

[1] The Court will dispense with the security requirement for Plaintiff. *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1126 (9th Cir. 2005).

4