1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  WILLIAM P. GARCIA,                          CASE NO. 1:10-CV-00447-LJO-DLB PC

10              Plaintiff,                       ORDER GRANTING DEFENDANTS'
                                                MOTION FOR MODIFICATION OF
11       v.                                      SCHEDULING ORDER

12  KEN CLARK, et al.,                          (DOC. 55)

13              Defendants.                      Discovery Cut-off Date: January 13, 2012

14  _____/

15

16        Plaintiff William P. Garcia ("Plaintiff") is a prisoner in the custody of the California

17  Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in

18  forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is proceeding on

19  his first amended complaint against Defendants K. Allison, F. Diaz, D. Ibarra, S. Knight, C.

20  Palmer, R. Santos, R. Tolson, K. Turner, and C. Walters.  Pending before the Court is

21  Defendants' motion to modify the scheduling order, filed September 26, 2011.  Doc. 55.

22  Plaintiff filed his opposition on October 7, 2011.  Doc. 57.  Defendants filed their reply on

23  October 17, 2011.  Doc. 59.  The matter is submitted pursuant to Local Rule 230(l).

24        Defendants seek a modification of sixty days from the date of service of this order.  The

25  decision to modify a scheduling order is within the broad discretion of the district court.  *Johnson*

26  *v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (quoting *Miller v. Safeco Title*

27  *Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985)).  Pursuant to Federal Rule of Civil Procedure 16, a

28  pretrial scheduling order "shall not be modified except upon a showing of good

1

1    cause," and leave of court. Fed. R. Civ. P. 16(b)(4); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d

2    1080, 1087-88 (9th Cir. 2002).  Although "the existence or degree of prejudice to the party

3    opposing the modification might supply additional reasons to deny a motion, the focus of the

4    inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609.

5        Defendants' counsel will be unable to comply with the deadline because of a jury trial in

6    *Davis v. Prison Health Services, et al.*, Case No. 3:09-cv-02629-SI, in the Northern District of

7    California.  Jury trial in that action is set to commence on November 28, 2011.  Defendants'

8    counsel alludes to "the press of other matters" as the reason she cannot meet the discovery cut-off

9    deadline.  Stocker Decl. ¶ 7.  Plaintiff, however, does not oppose Defendants' motion, and

10   instead requests more than sixty days in order for Plaintiff to receive his discovery requests.  Pl.'s

11   Opp'n ¶ 4, Doc. 57. The Court finds that Defendants have presented good cause for modification.

12   By separate order, Plaintiff was granted leave to file an amended motion to compel.  Sixty days

13   for service of discovery requests, and for the filing of motions to compel, is more than sufficient

14   time for all parties to complete discovery.  No further extensions of time regarding discovery will

15   be granted.

16       Accordingly, it is HEREBY ORDERED that Defendants' motion for modification of the

17   scheduling order, filed September 26, 2011, is GRANTED.  The discovery cut-off date, including

18   the filing of any motions to compel, is January 13, 2012.

19       IT IS SO ORDERED.

20   **Dated:**   **November 15, 2011**            **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28