# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM P. GARCIA, | CASE NO. 1:10-CV-00447-LJO-DLB PC |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL |
| v. | |
| KEN CLARK, et al., | (DOC. 63) |
| Defendants. | DEFENDANTS' FURTHER RESPONSE DUE WITHIN THIRTY DAYS |

Plaintiff William P. Garcia ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding on his first amended complaint against Defendants K. Allison, F. Diaz, D. Ibarra, S. Knight, C. Palmer, R. Santos, R. Tolson, K. Turner, and C. Walters. Pending before the Court is Plaintiff's motion to compel, filed December 14, 2011. Doc. 63. On January 9, 2012, Defendants filed their opposition. Doc. 64. On January 24, 2012, Plaintiff filed his reply. The matter is submitted pursuant to Local Rule 230(l).

I.   **Motion To Compel (Doc. 46)**

   A.   **Interrogatories**

Plaintiff moves to compel further response to Plaintiff's Interrogatories Nos. 4, 5, 7, 8, and 10. Plaintiff includes responses from Defendants R. Tolson, K. Allison, F. Dias, D. Ibarra, and C. Palmer. The Court presumes that Plaintiff seeks to compel further response from these

1

1 | Defendants only.

### 1. Legal Standard

"An interrogatory may relate to any matter that may be inquired into under Rule 26(b) [of the Federal Rules of Civil Procedure]." Fed. R. Civ. P. 33(a)(2); *see also id.* 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.").

The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4). The responding party shall use common sense and reason. *E.g.*, *Collins v. Wal-Mart Stores, Inc.*, No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1).

### 2. Interrogatories

**Interrog. No. 4:** Describe the professional education, training and experience possessed by the defendant in the jewish religion. [sic] In the alternative, attach a copy of defendant's curriculum vitae or defendant's personal knowledge to these interrogatories.

**Interrog. No. 5:** Describe the professional education, training and experience possessed by the defendant in the Jewish race/Culture. In the alternative, attach a copy of defendant's curriculum vitae or defendant's personal knowledge to these interrogatories.

**Response:** Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant, not likely to lead to the discovery of admissible evidence and

beyond the scope of permissible discovery.  Defendant further objects to this interrogatory on the grounds that it is vague and ambiguous.  Defendant further objects to this interrogatory on the grounds that it seeks confidential information and information protected by Defendant's Constitutional right of privacy. Defendant further objects to the interrogatory on the grounds that Plaintiff has not shown good cause for disclosure of the information.

Plaintiff contends that his interrogatories are relevant to this action.  Plaintiff's claims are that Defendants at California Substance Abuse Treatment Facility ("CSATF") denied him Kosher meals in violation of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act of 2000.  Plaintiff alleges that he is Jewish and is required by his religion to eat Kosher meals.

Defendants contend that Plaintiff's interrogatories are not relevant.  Defendants contend that Plaintiff has not demonstrated how Plaintiff's objections are not justified.  Defs.' Opp'n 4:15-21.  Defendants contend that Plaintiff's contention is that Defendants failed to comply with key training that they received.  *Id.*  Thus, Defendants contend that training that they did not receive is not relevant.  *Id.*

Defendants are incorrect.  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Plaintiff's interrogatories pertaining to Defendants' training regarding the Jewish religion and culture are relevant, as this action involves religious discrimination, retaliation, and denial of the exercise of religion.

Defendants contend that Plaintiff has failed to explain why Defendants' responses are insufficient.  However, Plaintiff contends that the interrogatories are relevant because they go toward Defendants' failure to provide Plaintiff with the ability to practice his religion.  Plaintiff contends that Defendants failed to follow CDCR rules regarding prisoners practicing their religion.  This is sufficient to demonstrate Plaintiff's arguments in favor of compelling a further discovery response.

Defendants fail to explain the basis of their remaining objections.  *See Roesberg v.*

3

*Johnson-Manville Corp.*, 85 F.R.D. 292, 297 (E.D. Pa. 1980) (burden on objector to clarify and explain objections). Defendants filed form objections without explanation. Defendants' opposition to Plaintiff's motion to compel provides no enlightenment.[1] Accordingly, Defendants' objections are overruled. Plaintiff's motion to compel an answer to Interrogatories Nos. 4 and 5 is granted.

**Interrog. No. 7:** State the reason why defendant would take a jewish inmates food.

**Response to No. 7:** Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant, not likely to lead to the discovery of admissible evidence and beyond the scope of permissible discovery. Defendant further objects to this interrogatory on the grounds that it is vague and ambiguous. Defendant further objects to this interrogatory on the grounds that it assumes facts not in evidence.

Plaintiff contends that this interrogatory is relevant because Defendants took food from him. Defendants provide no explanation in their opposition. Assuming facts not in evidence may be the basis for an objection during trial or some other evidentiary hearing. This however, is discovery. *See Roesberg*, 85 F.R.D. at 298 ("That an interrogatory may contain an element of conclusion is not objectionable on this ground alone"). As stated previously, Defendants failed to explain the basis of their other objections. Accordingly, Defendants' objections are overruled. Plaintiff's motion to compel further response to Interrogatory No. 7 is granted.

**Interrog. No. 8:** Describe in detail CDCR's policy & Procedures in the D.O.M. O. P. S.O.P.'s Title 15 or any other document, memorandum which states that all lunch's whether kosher or General Population have to be stapled closed.

**Response to No. 8:** Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant, not likely to lead to the discovery of

---

[1] Defendants note that they are not waiving any objections to discovery not specifically mentioned in their opposition. Defs.' Opp'n 4:14 n.1. Such notice is not informative.

4

admissible evidence and beyond the scope of permissible discovery.

Defendant further objects to this interrogatory on the grounds that it is vague and ambiguous.

Plaintiff contends that it is relevant, because he contends that there are no regulations, policies, or procedures that require that all lunch bags be stapled closed or that CDCR has the right to confiscate such lunch bags if they are opened. Pl.'s Mot. Compel 10:23-11:19. Plaintiff contends that he opened the bags to check the contents to ensure that there was no rotten or spoiled food, at which time, Defendants confiscated his food. *Id.*

Defendants contend that Plaintiff makes no allegations regarding the sealing of sack lunches.[2] Defs.' Opp'n 4:22-5:23. Defendants further contend that there are safety and security issues and that inmates are not permitted to take their meals back to their cells, with the exception of sealed sack lunches, because staff cannot control the quality of the food. *Id.*

Defendants' arguments do not address Plaintiff's interrogatory. Plaintiff's interrogatory is relevant. Defendants maintain that inmates are not permitted to take food back to their cells, with the exception of sealed sack lunches. It appears that Plaintiff seeks the policy, procedure, or regulation that authorizes such taking, which is directly related to Plaintiff's claim that Defendants are impermissibly taking Plaintiff's food from him. Thus, the interrogatory is relevant. Defendants' other objections are overruled for failure to explain the basis of the objection. Plaintiff's motion to compel further response to Interrogatory No. 8 is granted.

**Interrog. No. 10:**   Please state if the camera's [sic] on facility D yard are in working order and are kept for review if needed.

**Response to No. 10:**   Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant, not likely to lead to the discovery of admissible evidence and beyond the scope of permissible discovery.

Defendant further objects to this interrogatory on the grounds that it is

---

[2] In his first amended complaint, Plaintiff alleges that the sealed sack lunches that he received contained rotten and spoiled food. Pl.'s Am. Compl. 31-33.

5

vague and ambiguous.  Defendant further objects to this interrogatory on the grounds that it seeks confidential and restricted security information.

Plaintiff contends that this interrogatory is relevant because there is video from this camera which will purportedly show Defendants targeting Plaintiff by taking food out of his hand.  Pl.'s Mot. Compel 11:20-12:19.  These actions allegedly expanded to include every Jew on the yard who was receiving Kosher meals.  *Id.*  Defendants contend that they properly objected, and will provide no further response.  Defs.' Opp'n 5:26-6:2.

Plaintiff contends that there is videotape of the alleged deprivation of his religious meals by Defendants, which is at issue here.  It is thus relevant whether the camera on Facility D yard is in working order and if video is kept for review if needed.[3]  As to issues of security, Defendants have not provided an explanation as to how the functionality of the video camera on Facility D yard implicates any security concerns.  Plaintiff seeks an answer as to whether the video camera on Facility D yard was working, in order to discover video involving some of the alleged actions at issue.  Defendants' contention that Plaintiff seeks restricted security information is vague and unexplained.  The Court finds their concerns speculative.  Accordingly, Defendants' objections are overruled.  Plaintiff's motion to compel further response to Interrogatory No. 10 is granted.

**B.     Production Of Documents**

**1.     Legal Standard**

In responding to discovery requests, defendants must produce documents or other tangible things which are in their "possession, custody or control."  Fed. R. Civ. P. 34(a).  Responses must either state that inspection and related activities will be permitted as requested, or state an objection, including the reasons.  *Id.* 34(b)(2)(B).

Actual possession, custody or control is not required.  "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document.  *Soto v. City of*

---

[3]Plaintiff's Request For Admission No. 7 indicates that he refers to the video camera on Facility D yard that is aimed at the dining hall.

6

1  *Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995).  As this Court explained in *Allen v. Woodford*,

2  2007, U.S. Dist. LEXIS 11026, *4-6, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (internal

3  citations and quotations omitted):

> Property is deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand.  A party having actual possession of documents must allow discovery even if the documents belong to someone else; legal ownership of the documents is not determinative.  Control need not be actual control; courts construe it broadly as the legal right to obtain documents upon demand.  Legal right is evaluated in the context of the facts of each case.  The determination of control is often fact specific.  Central to each case is the relationship between the party and the person or entity having actual possession of the document.  The requisite relationship is one where a party can order the person or entity in actual possession of the documents to release them.  This position of control is usually the result of statute, affiliation or employment.  Control may be established by the existence of a principal-agent relationship.

Such documents also include documents under the control of the party's attorney.  *Meeks v. Parson*, 2009 U.S. Dist. LEXIS 90283, 2009 WL 3303718 (E.D. Cal. September 18, 2009) (involving a subpoena to the CDCR); *Axler v. Scientific Ecology Group, Inc.*, 196 F.R.D. 210, 212 (D. Mass. 2000) (A "party must product otherwise discoverable documents that are in his attorneys' possession, custody or control."); *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ill. 1992); *see also* Cal. Code Regs. tit. 15, § 3370(e) ("No case records file, unit health records, or component thereof shall be released to any agency or person outside the department, except for private attorneys hired to represent the department, the office of the attorney general, the Board of Parole Hearings, the Inspector General, and as provided by applicable federal and state law.").

### 2. Requests For Production

Plaintiff moves to compel further response to Plaintiff's Requests For Production of Documents Nos. 1, 2, 3, 4, 5, 8, and 10.

**Production No. 1:**  All documents that contain, mention, construe, or refer to Religious Reasonable Accommodations.

**Response To No. 1:**  Defendant objects to this request on the grounds that it is vague and ambiguous and overbroad and unduly burdensome.  Defendant further objects to this request on the grounds that it seeks information that is not relevant, not likely to lead to the discovery of admissible evidence and

1  beyond the scope of permissible discovery.

2  Plaintiff contends that Defendants stated that they had the right to take away Plaintiff's
3  reasonable religious accommodation.  Pl.'s Mot. Compel 13:3-28.  Plaintiff contends that
4  documents referring to religious reasonable accommodations are relevant because the claims
5  alleged would not have occurred if Plaintiff had received the reasonable accommodations.  *Id.*

6  Defendants contend that the discovery requests are incomprehensible and the information
7  sought is way beyond the scope of discovery.  *Id.*  The Court disagrees with Defendants.  Plaintiff
8  complained of the removal of his religious accommodation, and the subsequent alleged
9  constitutional and federal law violations.  The discovery request is sufficiently specific, as further
10 explained in Plaintiff's motion to compel: Defendants allegedly contended that they had the right
11 to remove Plaintiff's religious accommodation under CDCR's rules and regulations, policies, and
12 procedures.  Thus, Plaintiff seeks all documents that refer to, or construe religious
13 accommodations at CSATF.  Defendants' boilerplate objections are overruled.  *See Obiaju v.*
14 *City of Rochester, Dep't of Law*, 166 F.R.D. 293, 295 (W.D. N.Y. 1996) ("An objection to a
15 document request must clearly set forth the specifics of the objection and how that objection
16 relates to the documents being demanded.").  Plaintiff's motion to compel further response to
17 Request For Production of Documents No. 1 is granted.

18 **Production No. 2:**   All documents that contain, mention, construe, or refer to breakfast and
19                         lunch bags have to be stapled shut.

20 **Response To No. 2:** Defendant further objects to this request on the grounds that it seeks
21                         information that is not relevant, not likely to lead to the discovery of
22                         admissible evidence and beyond the scope of permissible discovery.

23 Plaintiff contends that Defendants took Plaintiff's food from him because it was against
24 the rules to have the staple on Plaintiff's religious Kosher meal bags opened.  Pl.'s Mot. Compel
25 14:1-28.  Plaintiff contends that no such rules exist, and that Defendants took his food with the
26 intent to violate Plaintiff's rights.  *Id.*

27 Defendants reiterate their arguments raised in objecting to Plaintiff's Interrogatory No. 8.
28 Defs.' Opp'n 4:22-5:5.  Defendants' arguments are likewise unpersuasive here, for the reasons

given above.  Plaintiff's motion to compel further response to Request For Production of Documents No. 2 is granted.

**Production No. 3:**   Please produce all video tape from 09/01/08 to the present from Facility 'D' yard camera's, from 0700 to 0900 am early religious chow release.

**Response To No. 3:**   Defendant objects to this request on the grounds that it seeks information that is not relevant, not likely to lead to the discovery of admissible evidence and beyond the scope of permissible discovery.  Defendant further objects to this interrogatory on the grounds that it is vague and ambiguous.  Defendant further objects to this interrogatory on the grounds that it seeks confidential and restricted security information.  Defendant further objects to this interrogatory on the grounds that it seeks confidential information and information protected by Defendant's and third party Constitutional rights of privacy.

Plaintiff contends that such video is relevant, as it would demonstrate the alleged constitutional deprivations.  Pl.'s Mot. Compel 15:1-24.  Defendants contend that they properly objected on the grounds of security concerns, confidentiality, third party rights, and relevance. Defs.' Opp'n 5:26-6:2.

Plaintiff's request is overbroad.  Based on Plaintiff's allegations, the alleged incidents did not begin until October of 2008.  Pl.'s Compl., Ex. G, Doc. 1.[4]  Plaintiff's first amended complaint was signed April 18, 2010.  Doc.  7.  Any incidents after the Court received Plaintiff's first amended complaint are not part of this action.  Thus, the Court will modify the time period as October 1, 2008 to April 18, 2010.

As stated previously regarding Interrogatory No. 10, this request is relevant, as the video purportedly shows the alleged taking of Plaintiff's meals.  Defendants fail to explain security concerns. Defendants fail to explain privacy rights.  Defendants fail to explain how the request is

---

[4] This is not the operative pleading.  However, Plaintiff includes exhibits with this complaint, which indicate when he first filed a grievance regarding his religion.

9

1  vague or ambiguous. *Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court*, 408 F.3d
2  1142, 1147 (9th Cir. 2005) (boilerplate objections or blanket refusals in response to Rule 34
3  requests for production are insufficient to assert a privilege). Plaintiff's motion to compel further
4  response to Request For Production of Documents No. 3 is granted. [5]

**Production No. 4:**  All documents that contain, mention, construe, or refer to employee conduct when dealing with religious issues.

**Response To No. 4:**  Defendant objects to this request on the grounds that it seeks information that is not relevant, not likely to lead to the discovery of admissible evidence and beyond the scope of permissible discovery. Defendant further objects to this interrogatory on the grounds that it is vague and ambiguous. Defendant further objects to this interrogatory on the grounds that it seeks confidential and restricted security information. Defendant further objects to this interrogatory on the grounds that it seeks confidential information and information protected by Defendant's and third party Constitutional rights of privacy.

Plaintiff contends that all Defendants have received training regarding dealing with religious issues, and thus their alleged conduct was done to deprive Plaintiff of his rights. Pl.'s Mot. Compel 15:26-16:19. Defendants do not provide a response in their opposition.

Plaintiff's request is relevant, as it is Defendants' conduct when dealing with Plaintiff's religious requests which is at issue in this action. Defendants fail to explain their objections. Plaintiff's request for production of documents, as currently phrased, is overbroad. The scope of the request will be limited to documents pertaining to training received by Defendants when dealing with Jewish religious issues. Defendants' objections are overruled. Plaintiff's motion to

---

[5] This is not to say that Plaintiff is to be given full possession of such video if it exists if such possession would jeopardize institutional security. However, Plaintiff is entitled to inspection of relevant discovery. Fed. R. Civ. P. 34(a)(1). It is this Court's experience that coordination with the litigation coordinator at Plaintiff's prison will provide Plaintiff the opportunity to inspect relevant discovery while mitigating any institutional security concerns. The Defendants may also move for a protective order if necessary.

1 | compel further response to Request For Production of Documents No. 4 is granted as stated.

2 | **Production No. 5:**   All documents that contain, mention, construe, or refer to correctional officers are allowed to take a inmates religious food and force that inmate to starve.

5 | **Response To No. 5:**   Defendant objects to this request on the grounds that it seeks information that is not relevant, not likely to lead to the discovery of admissible evidence and beyond the scope of permissible discovery.  Defendant further objects to this request on the grounds that it is vague and ambiguous.

Plaintiff contends that Defendants claimed to have the right to take Plaintiff's food based on the meal bag being opened and not stapled shut. Pl.'s Mot. Compel 16:21-17:17.  Defendants do not provide a response in their opposition.

This request is substantially similar to Plaintiff's Request No. 2, as Plaintiff seeks the rules, regulations, policies, or procedures that permitted Defendants to take Plaintiff's religious food because the stapled bag had been opened.  Documents which indicate that correctional officers are permitted to take an inmate's religious food and force the inmate to starve likely do not exist.  However, if such documents do exist, they are relevant to this action.  Defendants' unexplained objections are overruled.  Plaintiff's motion to compel further response to Request For Production of Documents No. 5 is granted.

**Production No. 8:**   All documents that contain mention, construe, or refer to Jewish Practices, and rituals.

**Response To No. 8:**   Defendant objects to this request on the grounds that it seeks information that is not relevant, not likely to lead to the discovery of admissible evidence and beyond the scope of permissible discovery.  Defendant further objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and cumbersome.

Plaintiff contends that Defendants are properly trained in Jewish religion and rituals per their own rules and regulations, and failed to comply with these rules. Pl.'s Mot. Compel 17:19-

11

1  18:14.  Plaintiff contends that such documents are relevant to demonstrate that they willfully
2  violated CDCR's rules to deprive Plaintiff of his rights.  *Id.*  Defendants do not provide a
3  response in their opposition.
4      This request is similar to Plaintiff's Request No. 4, in that it seeks documents pertaining
5  to Defendants' training regarding religious issues.  Request No. 8 is more specific by referring to
6  the Jewish faith.  Because the Court has limited the scope of Request No. 4 to documents
7  pertaining to Defendants' training when dealing with Jewish religious issues, Request No. 8 is
8  cumulative.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff's motion to compel further response to
9  Request For Production No. 8 is denied.
10 **Production No. 10:**   All documents that contain, mention, construe, or refer to all education
11                         will be placed on RDO status when the Education department goes on
12                         Vacation, or Holidays.  Holidays are to be construed as Easter,
13                         Thanksgiving, Christmas, Presidents day, etc.[6] [sic]
14 **Response To No. 10:** Defendant objects to this request on the grounds that it seeks information
15                         that is not relevant, not likely to lead to the discovery of admissible
16                         evidence and beyond the scope of permissible discovery.  Defendant
17                         further objects to this interrogatory on the grounds that it is vague,
18                         ambiguous, overbroad, and cumbersome.
19      Plaintiff contends that he is permitted to receive time off pursuant to CDCR's regulations,
20 and that when he filed a grievance, he was retaliated against by Defendants who discriminated
21 against his religious practice.
22      Plaintiff's original complaint includes several grievances pertaining to his complaint
23 about RDO.  It is unclear why documents pertaining to whether RDO should have been given
24 will be reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff's claims
25 are for retaliation for filing an inmate grievance, discrimination on the basis of religion, and
26 deprivation of the exercise of religion.  Whether Plaintiff should have received RDO will not

---

28      [6] RDO refers to required or regular days off.

12

prove or disprove Plaintiff's claims.  Plaintiff's motion to compel further response to Request For Production No. 10 is denied.

### C. Admissions

Plaintiff moves to compel further responses to Plaintiff's Requests For Admissions Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 13.

#### 1. Legal Standard

A party may serve on any other party a written request to admit, for purposes of the pending action, the truth of any matters within the scope of Rule 26(b)(1) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 36(a)(1).

#### 2. Admissions

**Admission No. 2:** Admit that all Kosher breakfast & lunch's are placed in a bag and stapled to ensure that they contain all food items and to ensure that they are not tampered with.

**Response To No. 2:** Defendant objects to this request on the grounds that it seeks information that is not relevant, not likely to lead to the discovery of admissible evidence and beyond the scope of permissible discovery.  Without waiving said objection, deny.

Plaintiff contends that this request is relevant as Plaintiff contends that there is no such rule by CDCR requiring breakfast and lunch bags be stapled closed. Pl.'s Mot. Compel 19:19-20:21.  Plaintiff contends that Defendants' answer was evasive. *Id.*  Defendants do not address this admission in their opposition.

Defendants responded to Plaintiff's request for admission by denying.  That is a sufficient response.  Fed. R. Civ. P. 36(a)(4).  Plaintiff's motion to compel further response to Request For Admission No. 2 is denied.

**Admission No. 3:** Admit that there is no Rule or Regulation, Policy or Procedure, or D.O.M. title 15, or any other Memorandum or SOP's or any other form or document that states "Kosher Meals must be stapled closed and Kosher inmates are not allowed to open them and inspect their food to ensure that

13

|   |   |
|---|---|
| 1 | it is all there or not rotten". |
| 2 | **Response To No. 3:** Defendant objects to this request on the grounds that it seeks information that is not relevant, not likely to lead to the discovery of admissible evidence and beyond the scope of permissible discovery. |

Plaintiff contends that this is relevant to this action, as Defendants allegedly took Plaintiff's food because the meal bags had been opened. Pl.'s Mot. Compel 20:22-21:15. Plaintiff contends that there is no such CDCR policy.   Defendants do not address this admission in their opposition.

Plaintiff's request for admission is relevant for the reasons provided by Plaintiff. Defendants' objections are unexplained and unjustified.  Defendants are required to serve an answer.  Fed. R. Civ. P. 36(a)(6).  Plaintiff's motion to compel further response to Request For Admission No. 3 is granted.

**Admission No. 4:**     admit [sic] that you took my kosher meals of my hand because the staple was opened.

**Response To No. 4:** Defendant objects to this request on the grounds that it seeks information that is not relevant, not likely to lead to the discovery of admissible evidence and beyond the scope of permissible discovery. Defendant further objects to this request on the grounds that it is vague and ambiguous and lacks proper foundation.

Plaintiff contends that this request is relevant because Defendants allegedly took Plaintiff's meal bag because it was opened, and that no such CDCR rule exists to do so.  Pl.'s Mot. Compel 21:16-28.  Defendants do not address this admission in their opposition.

Plaintiff's request for admission is relevant, as it pertains to Defendants' alleged motivation in taking Plaintiff's meals.  Defendants' objections are unexplained and unjustified. Defendants are required to serve an answer.  Fed. R. Civ. P. 36(a)(6).  Plaintiff's motion to compel further response to Request For Admission No. 4 is granted.

**Admission No. 5:**     Admit that you forced me to starve.

**Response To. No. 5:** Defendant objects to this request on the grounds that it seeks information

14

1  that is not relevant, not likely to lead to the discovery of admissible
2  evidence and beyond the scope of permissible discovery. Without waiving
3  said objections, deny.

Plaintiff contends that this request is relevant because Defendants are aware that Plaintiff had no alternative source of food, and that food should not be used as a means of discipline. Pl.'s Mot. Compel 22:1-17.  Defendants responded to Plaintiff's request for admission by denying. That is a sufficient response.  Fed. R. Civ. P. 36(a)(4).  Plaintiff's motion to compel further response to Request For Admission No. 5 is denied.

**Admission No. 6:**  Admit that you only targeted the Jewish inmates only at early chow release.

**Response To No. 6:**  Defendant objects to this request on the grounds that it seeks information that is not relevant, not likely to lead to the discovery of admissible evidence and beyond the scope of permissible discovery.  Defendant further objects to this request on the grounds that it is vague and ambiguous as to the terms "targeted" and "only."

Plaintiff contends that the request is relevant because Defendants took only the breakfast and lunches of Jewish inmates.  Pl.'s Mot. Compel 22:18-28.  Defendants do not address this admission in their opposition.

Plaintiff's request for admission is relevant, as it pertains to Defendants' alleged motivation in taking Plaintiff's meals.  Defendants' objections are unjustified.  Plaintiff has clarified his request by explaining that only Jewish inmates had their breakfast and lunch bags taken.  Defendants are required to serve an answer.  Fed. R. Civ. P. 36(a)(6).  Plaintiff's motion to compel further response to Request For Admission No. 6 is granted.

**Admission No. 7:**  Admit that there are working camera's on Facility D yard pointing directly at Facility D Dining Hall.

**Response To No. 7:**  Defendant objects to this request on the grounds that it seeks information that is not relevant, not likely to lead to the discovery of admissible evidence and beyond the scope of permissible discovery. Defendant

15

1 further objects to this request on the grounds that it seeks confidential and
2 restricted security information.
3       Plaintiff contends that there are working cameras pointed at the dining hall which
4 recorded the alleged incidents at issue in this action. Pl.'s Mot. Compel 23:1-16. Defendants
5 contend that they properly objected and will not provide further response. Defs.' Opp'n 5:26-
6 8:2.
7       As explained previously, Plaintiff's request for admission is relevant, as the video camera
8 allegedly recorded these incidents. Thus, whether a video camera was pointed at the entrance to
9 the dining hall, where the deprivation of religious meals occurred, is relevant. Defendants'
10 objections are unexplained and unjustified. Defendants are required to serve an answer. Fed. R.
11 Civ. P. 36(a)(6). Plaintiff's motion to compel further response to Request For Admission No. 7
12 is granted.

**Admission No. 8:** Admit that the facility D yard camera's work and record the daily activities on Facility D yard.

**Response To No. 8:** Defendant objects to this request on the grounds that it seeks information that is not relevant, not likely to lead to the discovery of admissible evidence and beyond the scope of permissible discovery. Defendant further objects to this request on the grounds that it seeks confidential and restricted security information.

       As explained previously, Plaintiff's request for admission is relevant, as the video camera allegedly recorded these incidents. Thus, whether a video camera recorded the daily activities in D yard and the dining hall, where the deprivation of religious meals occurred, is relevant. Defendants' objections are unexplained and unjustified. Defendants are required to serve an answer. Fed. R. Civ. P. 36(a)(6). Plaintiff's motion to compel further response to Request For Admission No. 8 is granted.

**Admission No. 9:** Admit that plaintiff filed several 602 grievances on this matter against the defendant, such as staff complaints, or grievances.

**Response To No. 9:** Defendant objects to this request on the grounds that it seeks information

16

1 that is not relevant, not likely to lead to the discovery of admissible
2 evidence and beyond the scope of permissible discovery. Defendant
3 further objects to this request on the grounds that it is vague and
4 ambiguous, compound and overbroad.

Plaintiff contends that he notified numerous prison officials, including Defendants, pertaining to the claims alleged in this action. Pl.'s Mot. Compel 24:12-25:14. Defendants do not address this admission in their opposition.

The filing of inmate grievances pertaining to the alleged conduct by Defendants in this action is reasonably calculated to lead to the discovery of admissible evidence. The request for admission is within the scope of Rule 26(b)(1). Defendants' objections are unexplained and unjustified. Defendants are required to serve an answer. Fed. R. Civ. P. 36(a)(6). Plaintiff's motion to compel further response to Request For Admission No. 9 is granted.

**Admission No. 10:** Admit that you were advised by 602 grievance, letter's and by person of plaintiff's concerns, allegations.

**Response To No. 10:** Defendant objects to this request on the grounds that it seeks information that is not relevant, not likely to lead to the discovery of admissible evidence and beyond the scope of permissible discovery. Defendant further objects to this request on the grounds that it is vague and ambiguous, compound and overbroad.

Plaintiff contends that this admission is relevant for the reasons given for Request For Admission No. 9. Pl.'s Mot. Compel 25:15-19. Defendants do not address this admission in their opposition. This request is relevant for the reasons given for Request For Admission No. 9. Plaintiff's motion to compel further response to Request For Admission No. 10 is granted.

**Admission No. 11:** admit [sic] that for three years plaintiff was given a reasonable accommodation to take his kosher meals back to his cell.

**Response To No. 11:** Defendant objects to this request on the grounds that it seeks information that is not relevant, not likely to lead to the discovery of admissible evidence and beyond the scope of permissible discovery. Defendant

17

further objects to this request on the grounds that it is vague and ambiguous.  Defendant further objects to this request on the grounds that it calls for a legal conclusion.

Whether the accommodation was "reasonable" is a legal conclusion, and beyond the purpose of requests for admission.  Fed. R. Civ. P. 26(a)(1)(A) (scope of requests for admissions is related to "facts, the application of law to fact, or opinions about either"); *Safeco Ins. Co. of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998) (requests for admissions are not principally a discovery device, but, rather, their purpose is to establish certain material facts as true, thus narrowing range of issues for trial).  The Court will not require a further response.  Plaintiff's motion to compel further response to Request For Admission No. 11 is denied.

**Admission No. 12:** Admit that you then took my reasonable accommodation away.

**Response To No. 12:** Defendant objects to this request on the grounds that it seeks information that is not relevant, not likely to lead to the discovery of admissible evidence and beyond the scope of permissible discovery. Defendant further objects to this request on the grounds that it is vague and ambiguous.  Defendant further objects to this request on the grounds that it calls for a legal conclusion.

Plaintiff's motion to compel further response to Request For Admission No. 12 is denied for the reasons given for Request for Admission No. 11.

**Admission No. 13:** Admit that after I filed a 602 Grievance on a C/O Palmer my reasonable accommodation was taken away.  [sic] see date of reasonable accommodation was taken and plaintiff's 602 grievance.

**Response To No. 13:** Defendant objects to this request on the grounds that it seeks information that is not relevant, not likely to lead to the discovery of admissible evidence and beyond the scope of permissible discovery. Defendant further objects to this request on the grounds that it is vague and ambiguous.  Defendant further objects to this request on the grounds that it calls for a legal conclusion.

1  Plaintiff's motion to compel further response to Request For Admission No. 13 is denied
2 for the reasons given for Request for Admission No. 11.

**Admission No. 14:**  Admit that plaintiff was on a Hunger Strike because of the actions alleged herein.

**Response To No. 14:** Defendant objects to this request on the grounds that it seeks information that is not relevant, not likely to lead to the discovery of admissible evidence and beyond the scope of permissible discovery. Defendant further objects to this request on the grounds that it calls for speculation.

Plaintiff contends that Defendants took away Plaintiff's food and knew that doing so would starve Plaintiff, and that Plaintiff went on a hunger strike and told Defendants.  Pl.'s Mot. Compel 27:23-28:22.  Defendants rely on their objections.  Defs.' Opp'n 6:3-5.

This request for admission is relevant, as it pertains to Plaintiff's response to Defendants' alleged deprivation of Plaintiff's religious food.  Speculation is not a viable objection for purposes of discovery.  Defendants' other objections are unexplained and unjustified. Defendants are required to serve an answer.  *Id.* 36(a)(6).  Plaintiff's motion to compel further response to Request For Admission No. 14 is granted.

### III.  Conclusion And Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel, filed December 14, 2011, is GRANTED in part and DENIED in part as stated herein;
2. Plaintiff's motion to compel further response to Plaintiff's Interrogatories Nos. 4, 5, 7, 8, and 10 is granted;
3. Plaintiff's motion to compel further response to Plaintiff's Requests For Production of Documents Nos. 1, 2, 3, 4, and 5 is granted as modified herein;
4. Plaintiff's motion to compel further response to Plaintiff's Requests For Production of Documents Nos. 8 and 10 is denied;
5. Plaintiff's motion to compel further response to Plaintiff's Requests For Admissions Nos. 3, 4, 6, 7, 8, 9, 10, and 14 is granted;

6. Plaintiff's motion to compel further response to Plaintiff's Requests For Admissions Nos. 2 ,5, 11, 12, and 13 is denied; and

7. Defendants are to serve further responses to Plaintiff's discovery requests, as granted in this order, within **thirty (30) days** from the date of service of this order.

IT IS SO ORDERED.

Dated:   **April 11, 2012**                              **/s/ Dennis L. Beck**
                                                         UNITED STATES MAGISTRATE JUDGE