UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM P. GARCIA,<br><br>    Plaintiff,<br><br>    v.<br><br>KEN CLARK, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:10-cv-00447-LJO-DLB PC<br><br>ORDER OF REFERRAL FOR<br>SETTLEMENT WEEK AND SETTING<br>SETTLEMENT CONFERENCE<br><br>June 10, 2013, 1:00 p.m. |

    Plaintiff is a state prisoner proceeding pro se in a civil rights pursuant to 42 U.S.C. § 1983. The court has determined that this case will benefit from a settlement conference; therefore, this case will be referred to Magistrate Judge Allison Claire for the court's Settlement Week Program to conduct a settlement conference at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #26 on June 10, 2013 at 1:00 p.m. A separate writ of habeas corpus ad testificandum will issue forthwith.

    In accordance with the above, IT IS HEREBY ORDERED that:

    1. This case is set for a settlement conference before Magistrate Judge Allison Claire on June 10, 2013, at 1:00 p.m. at the U. S. District Court, 501 I Street, Sacramento,

California 95814 in Courtroom #26.

2. A representative with full and unlimited authority to negotiate and enter into a binding settlement on defendants' behalf shall attend in person.[1]

3. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

4. Each party shall provide a confidential settlement conference statement to Sujean Park, 501 I Street, Suite 4-200, Sacramento, California 95814, or via e-mail at spark@caed.uscourts.gov, so they arrive no later than June 3, 2013 and file a Notice of Submission of Confidential Settlement Conference Statement (See Local Rule 270(d)).

Settlement statements **should not be filed** with the Clerk of the court **nor served on any other party**. Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

    a. A brief statement of the facts of the case.

    b. A brief statement of the claims and defenses, i.e., statutory or other

---

[1] The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F. 3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97 (8th Cir. 2001).

grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

       c. A summary of the proceedings to date.

       d. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

       e. The relief sought.

       f. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

       g. A brief statement of each party's expectations and goals for the settlement conference.

   5.   The deadlines and provisions of the Amended Second Scheduling Order, issued February 11, 2013, remain in effect.

IT IS SO ORDERED.

   **Dated:**   **April 3, 2013**       /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE