**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM P. GARCIA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KEN CLARK, et al.,<br><br>　　　　Defendants. | Case No. 1:10-cv-00447 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATION REGARDING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>[ECF No. 132] |

　　　　Plaintiff Wiiliam P. Garcia ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed his initial complaint on March 12, 2010. This action is proceeding on Plaintiff's first amended complaint against Defendants Allison, Diaz, Ibarra, Knight, Palmer, Santos, Tolson, Turner, and Walters for violation of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA").

　　　　On October 14, 2013, Defendants filed a motion to dismiss. ECF No. 132. On November 21, 2013, the Court issued a Findings and Recommendation which recommended the motion be denied as untimely. On December 5, 2013, Defendants filed objections to the Findings and Recommendation. Plaintiff filed a reply on December 18, 2013. By separate order, the Court has withdrawn the Findings and Recommendation issued on November 21, 2013. Accordingly, pending before the Court is Defendants' motion to dismiss based on a lack of subject-matter jurisdiction.

1

### I. Summary of Complaint

Plaintiff was incarcerated at California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, at the time he filed this action, and where the events giving rise to this action occurred.

Plaintiff alleges that while housed at CSATF, he participated in the Kosher Meal Program. Plaintiff complains that Defendants at CSATF took away his "reasonable accommodation" by refusing to allow him to take his meals back to his cell. He claims this change in procedure deprived him of the ability to perform his religious Jewish orthodox practices relative to food and prayers. He further claims that Defendants Walter and Santos served food that was opened, had foreign objects, or was rotten.

### II. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)

Under Fed. R. Civ. P. 12(b)(1), any party may move to dismiss for lack of subject-matter jurisdiction. The issue of whether a federal court lacks subject-matter jurisdiction may be raised by a party at any state in the litigation. Arbaugh v. Y&H Corp., 546 U.S. 500, 506-07 (2006); see Fed. R. Civ. P. 12(h)(3) ("[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). "Because . . . mootness . . . pertain[s] to a federal court's subject-matter jurisdiction under Article III, [mootness is] properly raised in a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) . . . ." White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). "Rule 12(b)(1) jurisdictional attacks can be either facial or factual." Id. Facial attacks are based solely on the allegations presented in the complaint. Id. Factual attacks, like the one presented here, challenge the truth of the allegations based on evidence beyond the complaint. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). The court may look beyond the complaint without having to convert the motion into one of summary judgment. White, 227 F.3d at 1242. "The court need not presume the truthfulness of the plaintiff's allegations" in his complaint, and "[o]nce the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Safe Air, 373 F.3d at 1039 (citations omitted); see also Land v. Dollar, 330 U.S. 731,

2

735 n. 4 (1947) ("[W]hen a question of the District Court's jurisdiction is raised, either by a party or by the court on its own motion, ... the court may inquire, by affidavits or otherwise, into the facts as they exist."). Nevertheless, all disputes of fact are resolved in favor of the non-movant. Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1996), as amended (Feb. 4, 1997).

In this case, Defendants state that Plaintiff has been transferred from CSATF to Centinela State Prison ("CSP"). Defendants state that CSP General Population has been converted to a Level III Sensitive Needs Yard. Defendants state that prison authorities held a hearing with Plaintiff and determined that Plaintiff was eligible for a non-adverse transfer to CSP. In June of 2013, Plaintiff was transferred to the Sensitive Needs Yard at CSP. Upon his transfer, Defendants state, Plaintiff was placed in the Kosher Meal Program. Defendants state Plaintiff no longer suffers from the alleged constitutional violations for which he seeks relief in his complaint. In support, Defendants submit the declaration of Lt. Masters, an employee of the CDCR, who spoke to Plaintiff on September 26, 2013. Masters Decl., at ¶ 2. According to Masters, Plaintiff informed him then that he had experienced no issues regarding his Kosher meals since his arrival at CSP. Id. Therefore, Defendants argue, the case has become moot insofar as Plaintiff's issues at CSATF are no longer justiciable.

Plaintiff counters that Defendants caused him to be transferred in retaliation and in order to make this action moot. Defendants dispute this, contending that the transfer was non-adverse in nature. Defendants have submitted evidence that the transfer was effected because CSP had been converted into a Level III SNY and Plaintiff was selected among approximately 75 other inmates at CSATF Facility-E pursuant to a March 8, 2013, memorandum authored by K. Dickinson, Director of Division of Adult Institutions. Defs.' Reply, Exs. A, B. Plaintiff does not state he has suffered any negative consequences as a result of the transfer. In addition, inmates do not have a constitutional right to be incarcerated at a particular correctional facility or to be transferred from one facility to another. Meachum v. Fano, 427 U.S. 215, 224-25, 96 S.Ct. 2532 (1976); see also Olim v. Wakinekona, 461 U.S. 238, 244-45, 103 S.Ct. 1741 (1983). Regardless, the fact remains that due to the transfer, Plaintiff received his Kosher meals upon transfer to CSP and placement into the Kosher Meal Program. Masters Decl., at 2; Defs.' Reply, Ex. B. Plaintiff's claims for injunctive and

3

declaratory relief have become moot and his claim of retaliation is not properly before the court.

A federal court has no authority to issue opinions upon moot issues. See County of Los Angeles v. Davis, 440 U.S. 625, 99 S.Ct. 1379 (1979); Aguirre v. S.S. Sohio Intrepid, 801 F.2d 1185 (9th Cir. 1986). When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Alvarez v. Hill, 667 F.3d 1061, 1063-64 (9th Cir. 2012); Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).

A prisoner's transfer away from the institution at which the challenged conduct is occurring will generally moot any claims for injunctive relief relating to the prison's policies, unless the suit is certified as a class action. Dilley, 64 F.3d at 1368; see also Nelson, 271 F.3d at 897; Johnson, 948 F.2d at 519. The claim is not moot, however, if there is a likelihood of recurrence. Demery v. Arpaio, 378 F.3d 1020, 1026 (9th Cir. 2004) (quotation marks omitted). The capable-of-repetition-yet-evading-review exception to the mootness doctrine applies when (1) the duration of the challenged action is too short to be litigated prior to cessation, and (2) there is a reasonable expectation that the same party will be subjected to the same offending conduct. Id. (quotation marks and citations omitted).

Here, there is no demonstrated probability or reasonable expectation that Plaintiff will be transferred back CSATF. Demery, 378 F.3d at 1027 (quotation marks and citations omitted). See Alvarez v. Smith, 558 U.S. 87, 93 (2009) (exception to mootness doctrine not warranted where nothing in record suggested the individual plaintiffs would likely be again subjected to forfeiture proceedings); Bernhardt v. County of Los Angeles, 279 F.3d 862, 871-72 (9th Cir. 2002) (no indication in complaint that the plaintiff would be subjected to the same situation again); Dilley, 64 F.3d at 1369 (no reasonable expectation inmate would be transferred back to Calipatria where he had been a level IV inmate at Calipatria when he filed suit, but he was later transferred to a lower-security prison and reclassified as a level III inmate); Johnson, 948 F.2d at 519 (inmate's claim against state prison warden moot where inmate had been transferred to a federal prison in a different state and was no longer subject to the state facility's no smoking policy). Thus, Plaintiff's claims do

4

not meet the mootness exception.

Plaintiff further complains about the quality of his Kosher meals at CSP. He claims that the Kosher meals consist of foods containing too much soybean. He claims he cannot eat his Kosher meals because he cannot stomach the soybean vegetarian meals anymore. Nevertheless, Plaintiff's complaints about the quality of the Kosher meals at CSP are not properly before this court. In addition, Plaintiff's constitutional rights are not violated if he is receiving "food that is adequate to maintain health; it need not be tasty or aesthetically pleading." LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993). Plaintiff admits that he is receiving his Kosher meals and Defendants have submitted evidence that Plaintiff is not on a hunger strike or being starved, and he is being fed adequately. Defs.' Reply, Ex. B.

Therefore, the Court concludes that Plaintiff's claims for injunctive and declaratory relief are clearly foreclosed due to his transfer to CSP, his placement into CSP's Kosher Meals Program upon his arrival, and Defendants' evidence that Plaintiff was receiving his Kosher meals at CSP according to his claimed rights under the Constitution. The Court recommends that Defendants' motion to dismiss for lack of subject-matter jurisdiction be GRANTED.

**RECOMMENDATION**

For the reasons set forth herein, the Court RECOMMENDS that Defendants' motion to dismiss for lack of subject-matter jurisdiction be GRANTED, and the First Amended Complaint be DISMISSED thereby terminating the case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fifteen (15) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections must be filed within fifteen (15) days from the date of service of the objections. Local Rule 304(d). The parties

///

///

///

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 25, 2014**                    /s/ *Dennis L. Beck*
                                                                UNITED STATES MAGISTRATE JUDGE