# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| WILLIAM P. GARCIA, | Case No. 1:10-cv-00447 LJO DLB PC |
|---|---|
| Plaintiff, | ORDER GRANTING JOINT MOTION TO VACATE JUDGMENT AND MODIFY ORDER GRANTING MOTION TO DISMISS |
| v. | |
| CLARK, et al., | [ECF No. 168] |
| Defendants. | |

Plaintiff William P. Garcia ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 12, 2010. On October 14, 2013, Defendants filed a motion to dismiss for lack of subject matter jurisdiction. On December 29, 2014, the Magistrate Judge issued a Findings and Recommendation which recommended that Defendants' motion to dismiss be granted and the case be dismissed. This Court adopted the Findings and Recommendations on February 4, 2015, thereby dismissing the case.

Thereafter, Plaintiff filed a notice of appeal and the appeal was processed to the Ninth Circuit Court of Appeals. The parties engaged in the Ninth Circuit's mediation program and agreed that Plaintiff's argument on appeal concerning the viability of his claims for damages was meritorious. The parties agreed to resolve the appeal by stipulating to dismissal of the appeal and filing a joint motion to vacate the judgment and modify the order granting the motion to dismiss in order to allow Plaintiff's claim for damages based on allegations of past misconduct to continue in the District

Court. On May 10, 2016, the parties filed the instant joint motion to vacate judgment and modify the order granting the motion to dismiss.

## DISCUSSION

Rule 60(b)(6) allows the Court to relieve a party from an order for "any other reason that justifies relief." Fed.R.Civ.P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances ..." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control...." Id. (internal quotation marks and citation omitted). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *affirmed in part and reversed in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, the parties request that the Court vacate the judgment and to modify the order of dismissal. In particular, the parties request that the Court modify the February 4, 2015, order adopting the Findings and Recommendation in full, to deny in part Defendants' motion to dismiss and to allow Plaintiff's claim for monetary damages to proceed. The parties agree that Plaintiff's transfer to another prison mooted claims for injunctive relief; however, the parties now agree that the transfer did not moot claims for damages based on allegations of past misconduct. Therefore, the Court did not lose subject-matter jurisdiction over those claims. The Court finds good cause to vacate judgment in this matter, and to reconsider the order dismissing the case.

## ORDER

Accordingly, IT IS HEREBY ORDERED:

1) The parties' joint motion to vacate judgment is GRANTED;
2) The Clerk of Court is DIRECTED to re-open this case;
3) The Court's order of February 4, 2015, adopting the Findings and Recommendation is MODIFIED to deny in part the Findings and Recommendations concerning Plaintiff's claim for damages based on past misconduct; in all other respects the Findings and Recommendations are ADOPTED;

2

4) This matter shall proceed on Plaintiff's claim for damages based on past misconduct; and

5) The case is REFERRED BACK to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:   **May 18, 2016**                    **/s/ Lawrence J. O'Neill**
                                         UNITED STATES CHIEF DISTRICT JUDGE