# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM P. GARCIA, | Case No. 1:10-cv-00447 LJO DLB PC |
| Plaintiff, | ORDER DENYING DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER |
| v. | |
| CLARK, et al., | [ECF No. 173] |
| Defendants. | |

Plaintiff William P. Garcia ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 12, 2010.

On April 26, 2016, the Ninth Circuit granted the parties' stipulation to vacate the dismissal and reinstate this case to consider Plaintiff's claim for monetary damages based on allegations of past misconduct. On June 8, 2016, the Court rescheduled the trial confirmation hearing for December 1, 2016, and the trial for January 10, 2017.

On July 1, 2016, Defendants filed a motion to modify the scheduling order and vacate the hearing and trial dates. Defendants propose to bring a motion for summary judgment which they contend will potentially allow the matter to be disposed of without necessitating a trial. On July 28, 2016, Plaintiff filed an opposition to the motion, and on August 2, 2016, Defendants filed a reply.

Modification of the pretrial scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of

the party seeking the extension.'" *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Id.*

Here, Defendants state a motion for summary judgment was not previously brought because Defendants had different representation. Defendants' current counsel states she reviewed the case upon it being reassigned and determined a motion for summary judgment was appropriate and could dispose of much if not all of the claims in the case. Plaintiff argues that the motion should not be granted because, among other reasons, the motion is untimely filed.

The Court does not find good cause to modify the scheduling order at this late date. As the parties note, the deadline for filing dispositive motions was December 15, 2011. Defendants' attempt to bring a dispositive motion nearly five years after the deadline can certainly be described as untimely. While Defendants' current counsel may have been diligent in litigating the case when the case was reassigned to her, this does not excuse the apparent lack of diligence exercised by previous counsel. In the alternative, if previous counsel acted diligently but determined at the time that a motion for summary judgment was not appropriate, it would be unfair to Plaintiff now to be required to relitigate the case merely because Defendants have been appointed new counsel. Therefore, the Court does not find good cause to modify the scheduling order.

Defendants also request a modification based on defense counsel's unavailability on December 1, 2016, for the telephonic trial confirmation hearing and February 13, 2017, for the commencement of trial. Defendants' request is denied because there is ample time to reassign the case to another attorney in the California Attorney General's Office.

///
///
///
///
///
///

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendants' motion to modify the scheduling order is DENIED.

IT IS SO ORDERED.

Dated:  **August 4, 2016**              /s/ Lawrence J. O'Neill
                                        UNITED STATES CHIEF DISTRICT JUDGE