UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM P. GARCIA,<br><br>           Plaintiff,<br><br>      vs.<br><br>CLARK, et al.,<br><br>           Defendants. | 1:10-cv-00447-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATION, RECOMMENDING THAT DEFENDANT R. SANTOS BE DISMISSED FROM THIS ACTION UNDER RULE 25 PURSUANT TO NOTICE OF DEATH<br>(ECF No. 182.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY (20) DAYS |

**I.      BACKGROUND**

William B. Garcia ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on March 12, 2010. (ECF No. 1.) This action now proceeds on Plaintiff's First Amended Complaint filed on May 24, 2010, against defendants Palmer, Tolson, Turner, C. Walters, R. Santos, D. Ibarra, S. Knight, F. Diaz, and K. Allison ("Defendants") for violation of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act of 2000.[1]  (ECF No. 12.)

---

[1] On November 4, 2010, the Court issued an order dismissing defendants Quintana, Sheron, Clark, and Lais from this action for Plaintiff's failure to state any claims against them.  (ECF No. 18.)  On July 10, 2012, the Court dismissed defendant A. Seinez from this action for Plaintiff's failure to effect service of process. (ECF No. 72.)

1

On October 7, 2016, Defendants filed a request to dismiss defendant Santos from this action under Federal Rule of Civil Procedure 25. (ECF No. 133.) No opposition has been filed.

## II. FEDERAL RULE OF CIVIL PROCEDURE 25

Pursuant to Rule 25 of the Federal Rules of Civil Procedure, "[i]f a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. Fed. R. Civ. P. 25(a)(1). The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Id. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of statement of the fact of the death as provided for herein for the service of the motion, the action shall be dismissed as to the deceased party." Id.

### Discussion

Defendants request dismissal of defendant Santos from this action because defendant Santos passed away during the pendency of this action. On May 10, 2016, Defendants notified the Court of defendant Santos' death. (ECF No. 169.) Defendants served a copy of the notice on defendant Santos' last known address, which Defendants have reason to believe is still occupied by family members of defendant Santos. (Id.) Ninety days have passed since the notice was sent, and no family member has moved for substitution under Rule 25. The Court finds that Defendants have complied with the requirements of Rule 25 and therefore, their request for dismissal of defendant Santos should be granted.

## III. CONCLUSION AND RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED THAT** defendant Santos be dismissed from this action under Rule 25.

These findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within twenty (20) days** after being served with these findings and recommendations, any party may file

written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:   **November 12, 2016**                                  **/s/ Gary S. Austin**
                                                               UNITED STATES MAGISTRATE JUDGE